Judge Robertson
delivered the opinion of yhe Court.
This was a bill in chancery, by Mark - ham vs. Todd arid’ Williams, to enjoin a judgment obtained by Todd, in bis own right, against Markham, and another judgment obtained against.him by Williams, as assignee of Todd. The bill charged that Todd, before the assignment to Williams, and before either of the judgments was obtained, owed Markham an account current, which he had never paid, and which was asked to be set-off against the judgments. The account consisted o.f various items, some for meat and salt sold by Markham to Todd; and others, which were the principal ones, for expenses incurred and disbursements made by Markham, in prosecuting suits for land, in which Todd, Robiuet and himself were jointly interested, and the expenses incident to establishing the title; to which they had agreed, in writing, to contribute, each a third part. The bill alleged that Markham had ^tended to the preparation of the suits, for which he was entitled to compensation and to a reimbursement of his expenses, and that he had paid costs and fees to counsel to a large amount, all the items of which are specified; and that neither Todd nor Robinet had contributed. It also claimed a small amount for a deficiency of a small tract of land sold and conveyed by Todd to Markham. And an amended bill charges that Todd had become insolvent.
It appears that the note on which Todd’s judgment was obtained, was given in consideration of land sold by him to Markham; Todd’s claim to which was derived from the heirs of flenderson; and the bill alleges that Todd had no,t acquired a perfect title from the heirs.
It does nof appear, for what consideration the note was executed, on which Williams had judgment.
Williams, not professing to have any personal knowledge of the facts stated in the bill, admits» *365 nothing, but requires proof, and resists the set-off as to his judgment.
Mutual ac-fefenUrans-actions, will set_off ]fJr ^niTss insolvency or other extra-cum4aCnces, Kive jurjsdiction.
Any equita-^hich*?bli-' gorhad against as signee of note, must have existed against obli-gee, prior to assignment, or notioe of assignment. gainst obligee assignment, is available’ ;nst as-iquity ,ch obligor ay set-off a-
*365 Todd, in his answer, admits a part of the account, charged in the bill, but as to the fees and the claim for personal service, he denies that Markham had contributed more than he had. He denies that the account is a fit subject of set-off in equity; denies that he had become-insolvent; sets up a large account against Markham; insists that he had acquired a good title from Henderson’s heirs, but that, if he had not, that matter was remediable in a court of law, and did not furnish any ground for relief in equity.
. The payment of several large fees to counsel, by Markham, is proved. It is also proved that he devoted much personal attention to the preparation of the suits, and that Robinet and Todd, attended but little, if at all, to them. There is some proof also, of the other items of Markham’s account.
No attempt was made to prove the account exhibited by Todd.
The court dissolved the injunction with damages, in each case, and* dismissed the bill, From this decree, Markham has appealed.
There is nothing in the record which would entitle Markham to n perpetuation of his injunction against Williams’s judgment. Mutual accounts, growing out of different transactions, will not be set-off by the chancellor, unless jurisdiction be given,-by some extraneous circumstances, such as insolvency, non-residence, &c. which will render a legal remedy ineffectual. Pierson vs. Meaux, III. Marshall, 6; Grundy’s heirs vs. Jackson’s heirs el al. I. Litt. Repts. 12; Robbins vs. Hally, I. Monroe, 194; Lamme vs. Sanders, Ib. 267; Jones vs. Murray et al. III. Monroe, 87; Beall vs. Squires and Sillyman, Ib. 376.
Many other authorities might be cited in support of this doctrine; but it is so well understood and its principle is so plain,'that it would be useless to multiply citations. •
Admitting that the insolvency of Todd is sufficient" iy proved, and that Markham has all the equity against the assignee, Williams, which he had against *366 Todd, at the time of the assignment, still as it is not alleged that Todd was insolvent, when he assigned the note to Markham, the chancellor would not be allowed to set off any debt due by Todd to Markham, against the judgment of Williams, unless such connection between the subject matter of set-off and the note, had been shown, as would, per se, authorize a ¡n equity. None such having been shown or even alleged, consequently, the court did not err in dissolving the injunction against Williams’s judgment. See the case supra of Robbins vs. Hally, which decides expressly, and no doubt correctly, that no claim to set-off against the assignor, which did not exist in equity, at the date of the assignment, can authorize the chancellor to injoin the judgment of the assignee. As the insolvency of Todd is the sole ground for the set-off in equity, it was necessary to show that he was insolvent when he assigned the note to Williams; and that, therefore, at that time, Markham had a right to an equitable set-off against him. But as he had not such right at that time, Williams took the note unincumbered by any claim of set-off^ and cannot be prejudiced by any thing* which afterwards occurred, and which, if the note had not been assigned, would have entitled Markham to a set-off against Todd, in consequence of the subsequent insolvency.
But the insolvency of Todd, at the dale of the decree being established, as it is abundantly, the foregoing facts and reasoning, show that the injunction against his judgment, ought to have been perpetuated, to some extent. So far as the account of’ Markham is admitted or proved, and so far as a deficit in the small tract of land, sold by Todd to him for 39 acres, shall be established, a set-off thould be decreed. Todd should be credited with Markham’s proportion of any payments of fees or costs, by Todd.
To what extent the proofs would authorize a set-off, it is not t,he province of this court now to determine. The amount of set-off should be ascertained by a commissioner or by a jury, as it depends on various facts and degrees of probability. This court will only establish the data for calculation.
If Markham had failed to establish a right to any set-off, still he might have been entitled to an injunc- *367 lion on another ground. He charges that the title to the land, for which the note was given to Todd, on which his judgment was obtained, was and imperfectly derived from Henderson’s heirs. Todd insists that the title was well derived; but does not deny the particular mode of derivation alleged in the bill. This is, therefore, admitted; and being admitted, shows that Todd had not a good title.
Bill, to injoia judgment on “0°rte,uf^°o oTland^on ° ground of de-f0rg0odütle or recision of contract, „otmentitted injunction against judg-land too, however imperfect ti-maybe'
Markham, however, has not pursued the proper course. He ought to have prayed for either a title or a recision; and to obtain a title, it would be necessary to make Henderson’s heirs parties. Then, there should be an injunction until the title can be perfected by decree, and a perpetuation of it and a reci-sionof the contract, if the title cannot be obtained by decree. Markham,.on this ground, is not entitled to both a perpetual injunction, and to the benefit of his purchase of the land. And the court ought not to procrastinate its decree, for the parties to tain the title, unless the proper measures be adopted and the necessary parlies be made, for the purpose of either perfecting the title, or rescinding the contract, As something further ought to be done on this subject before justice can be administered between the ties, and as the case must be reversed, and remanded for further proceedings, Markham may have leave to amend his bill, if he choose, so as to have his title established or his contract rescinded. If he shall adopt this course, the injunction should, on this ground alone, if. there were no other, be maintained until the final hearing, and then disposed of according to the ultimate state of the case. If Markham shall elect to waive this matter, and proceed alone, for a set-off, then the court should ascertain, in the-manner indicated, the amount of the set-off, and perpetuate the injunction “pro tanto,”
Robiuet’s heirs were not, as was supposed, necessary parties, because the contract for contribution^ was not joint, but several. Each party agreed to contribute one third. But as an abortive attempt was made to make these heirs parties, Markham may still be allowed to bring them before the court, if he shall desire to do so. The fact that hp, himself, is *368 the administrator, would alone give the court jurisdiction.
Hanson, for appellant; Crittenden, for appellee.
As to so much of the bill as claims a decree on account of the purchase of Henderson’s claim byToddi so as to interfere with and defeat a part of the partnership claim, the case is not so prepared as to enable the court to render any decision on it, or give any instruction in relation to it; nor to determine whether it has not been waived by the contract which was made, when Markham executed his note to Todd.
The decree.of thé circuit court is reversed, and the cause remanded for further proceedings, consistent with this opinion.
Markham must pay to Williams his costs, and must recover (josts of Todd.